UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-03397-SEB-MJD |
| | ) | |
| SUPERINTENDENT STEVEN | ) | |
| MCCAULEY, | ) | |
| *et al.* | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint. [Dkt. 24.] For the following reasons, the Court **DENIES** Plaintiff's Motion.

## I. Background

Plaintiff, a former inmate at the Indiana Women's Prison, brought suit against Defendants on December 16, 2016, alleging that Defendants denied her request to be taken to a healthcare provider to obtain an abortion and otherwise obstructed her efforts to obtain the same. [Dkt. 1.] Plaintiff alleges that Defendants' actions violated her Eighth Amendment right against cruel and unusual punishment and her Fourteenth Amendment right to lawfully terminate her pregnancy. [*Id.*] Plaintiff seeks damages under 42 U.S.C § 1983. [*Id.* at 2.]

Plaintiff now seeks leave to file an amended complaint to allege additional claims for injunctive and declaratory relief. [Dkt. 24-1 at 12-14.] Specifically, Plaintiff seeks to enjoin enforcement of Directive #03-12, a policy at the Indiana Women's Prison which "prohibits scheduling an inmate to visit an abortion provider unless the inmate has pre-paid the costs of

1

transportation and security to the abortion provider." [*Id.* at 12 (¶ 85).] Defendant opposes the Motion, which is fully briefed and ripe for consideration. [Dkts. 24, 25, & 26.]

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that the "court should feely give leave" to amend the pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "the district court need not allow an amendment . . . when the amendment would be futile," *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001), such as where an added claim "could not survive a . . . motion to dismiss," *Foster v. DeLuca*, 545 F.3d 852, 584 (7th Cir. 2008) (internal quotation omitted).

## III. Discussion

Defendants argue that Plaintiff's proposed amended complaint would be futile because Plaintiff lacks standing to bring her proposed claims for injunctive and declaratory relief. Specifically, Defendants maintain that because Plaintiff is no longer incarcerated at the Indiana Women's Prison, she lacks standing to pursue injunctive relief as to the prison's policy.

In reply, Plaintiff contends that her proposed claims falls under the "capable of repetition yet evading review" exception to the standing doctrine because her claims are based on her prior pregnancy.[1] [Dkt. 26 at 1.]

---

[1] Plaintiff also argues that the Court should permit Plaintiff to amend her complaint and require a separate briefing on the issues of standing and mootness. But a motion to amend pleadings is properly denied if the new claim "could not survive a . . . motion to dismiss." *Foster*, 545 F.3d at 584 (internal quotation omitted). Perhaps most critically, Plaintiff does not dispute any of the facts that are material to deciding this Motion—namely, Plaintiff's status as a **formerly**-incarcerated individual—which otherwise presents a wholly legal question. *See Collier v. Caraway*, No. 2:14-CV-00365-JMS-MJD, 2017 WL 347481, at *1 n.3 (S.D. Ind. Jan. 24, 2017). Plaintiff is not entitled to another crack at briefing these issues.

Justiciability is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Under Article III of the Constitution, federal courts have jurisdiction over "cases and controversies," but before a court can evaluate the merits of a case, it must first establish whether the parties have "standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing is the aspect of justiciability that assesses whether the plaintiff has a personal stake in the outcome of the case. *Warth,* 422 U.S. at 498. There are three requirements to establish standing: injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury must be "(a) concrete and particularized and (b) actual or imminent." *Id.* (internal quotation and citations omitted). The causal connection must be "fairly traceable to the . . . defendant[,]" and "it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision" *Id*. (internal quotation and citations omitted). The plaintiff bears the burden to establish all the elements of standing. *Apex Digital v. Sears Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

Even if there is standing at the beginning of a case, the mootness doctrine requires that a justiciable controversy exist at all stages throughout the litigation. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997). "Federal courts may not decide questions that cannot affect the rights of litigants in the case before them." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation and citation omitted). Therefore, a case is moot if the plaintiff no longer has a personal stake in the outcome of the case. *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (internal quotation and citation omitted).

However, cases involving pregnancy are subject to an exception to the typical standing and mootness requirements. Pregnancy can happen at any time and is likely to come to term

before a trial can be completed. *Roe v. Wade*, 410 U.S. 113, 125 (1973). Because the termination of a pregnancy would typically render the case moot, and "pregnancy litigation seldom [would] survive much beyond the trial stage, . . . appellate review [would] be effectively denied" under the traditional mootness analysis. *Id.* The Supreme Court has therefore concluded that pregnancy is a "justification for a conclusion of nonmootness." *Id*. Pregnancy is the paradigmatic case of an ephemeral phenomenon that is "capable of repetition yet evading review"; without the exception, cases based on pregnancy would be regularly become moot before they could be evaluated. *Id.*

Although the "capable of repetition yet evading review" exception applies in the pregnancy context, the same standard does not apply to cases claiming injury from incarceration. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Instead, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if . . . unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). After being released, a former inmate must demonstrate a "realistic possibility that [s]he [would] again be incarcerated in the same state facility and therefore be subject to the actions" complained of in order to pursue a claim for injunctive or declaratory relief relating to the incarceration. *Maddox*, 655 F.3d at 716. Thus, a former inmate may not seek injunctive relief on the basis of a mere possibility that she could be charged with another crime. *Id.* at 497.

Plaintiff directs the Court to *Loertscher v. Schimel* in support of her contention that the "capable of repetition yet evading review" exception may stretch into the incarceration context. 2015 WL 5749827, No. 14-cv-870-jdp, at *8 (W.D. Wis. Sept. 30, 2015). In *Loertscher*, the court applied the exception to allow a formerly-incarcerated pregnant woman to pursue a claim to enjoin Wisconsin Act 292, which authorized state child welfare authorities to treat a fetus as a

4

child if the mother's use of controlled substances posed harm to the fetus. The child welfare authorities became concerned that the plaintiff was using drugs and initiated legal proceedings to protect the plaintiff's unborn child. After the plaintiff refused to comply with certain orders, the plaintiff was detained. Although all state proceedings were eventually terminated and the plaintiff was unable to make any showing that she might again be arrested because of "the number of contingent events that would have to occur, in sequence," the district court determined that the case was not moot. *Id.* at *9. Specifically, the court held that the situation fell within the "capable of repetition yet evading review" exception because pregnancy was an "absolute precondition for a proceeding under Act 292." *Id.* at *11. Had the plaintiff "not been pregnant, none of the legal proceedings in [the] case would have happened." *Id.*

*Loertscher* stands for the proposition that the "capable of repetition yet evading review" exception may apply more broadly where a plaintiff's pregnancy and incarceration are inextricably linked—that is, where the latter could not have happened without the former. But in this case, the pregnancy and incarceration are not connected. Directive #03-12, at issue in this case, requires the woman to be **both** pregnant **and** an inmate at the facility before it applies. Plaintiff's pregnancy and incarceration are separate, **independent** preconditions to the applicability of the policy. Thus, one may be an inmate at the Indiana Women's Prison without being pregnant—unlike in *Loertscher* where the plaintiff could not have been subject to arrest under Wisconsin Act 292 without first being pregnant. As Plaintiff's incarceration was in no way connected to her pregnancy, *Loertscher* provides no basis for deviating from the traditional standing analysis in this case.

Plaintiff's reliance on the "capable of repetition yet evading review" exception addresses the effect of pregnancy on her standing to seek injunctive relief, but it does not address the effect

of her status as an unincarcerated person. That exception allows the Court to assume that the issue of pregnancy may arise at any time, such that claims related thereto may be brought whether a plaintiff is actually pregnant or not. But, under binding Seventh Circuit precedent, it does not allow the Court to assume that the issue of imprisonment may similarly arise at any time. Instead, under *Maddox*, Plaintiff must demonstrate a "realistic possibility" that she could be incarcerated under the same circumstances. Plaintiff makes no argument that that there is a reasonable possibility that she will return to Indiana Women's Prison. Plaintiff therefore lacks standing under Article III of the Constitution to pursue her proposed injunctive and declaratory claims, rendering her proposed amendment futile.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint. [Dkt. 24.]

SO ORDERED.

Dated: 30 JUN 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.